## *IN RE* GEORGE F. HOTCHKISS.

A larceny having been committed beyond the limits of the District of Columbia, the stolen property was recovered by a private detective and brought into the District, whence four-fifths of it was sent to the owner, the remaining fifth was retained by the detective as compensation for his services; whereupon the superintendent of police, claiming to act under the authority of the act of of Congress of July 23, 1866, demanded the delivery to him of the property so retained, and upon his refusal so to do imprisoned the detective for disobeying said order. *Held,* Upon *habeas corpus* (1) That the act of Congress was not applicable to such a case. (2) That the property having been both stolen and recovered beyond the District limits, the superintendent of police could take no cognizance of the matter, and even if he could his power to imprison for contempt a person not a member of the police force was limited (if such power existed at all) to a period not exceeding two days.

Criminal Docket. Decided August 15, 1866.

HEARING on *habeas corpus* before a single justice.

THE FACTS appear in the opinion.

MESSRS. NORRIS and FENDALL, for petitioner.

Mr. JOSEPH H. BRADLEY, Jr., for respondent.

Mr. JUSTICE FISHER delivered the opinion of the Court.

The motion to discharge the relator has been argued by his counsel on four grounds: 1st. That there is no power in Major Richards, the Superintendent of the Metropolitan Police, to commit the prisoner for contempt, because, admitting him to be an officer or justice of the peace, still the power of a justice to commit for contempt did not exist at common law, nor has it been vested in the magistrate by any enactment of Congress, or of the Legislature of Maryland. 2d. Supposing Major Richards to possess the power of committing for contempt one of his own officers, yet the relator in this case, not being an officer amenable to his order, was not bound to obey his order to produce money,

which he had taken beyond the limits of the District from parties charged with the larceny thereof beyond such limits. 3d. That even admitting he had the power to commit for contempt one who was not a member of his police force, in disobeying his order, still the commitment is defective upon its face in being unlimited as to the time during which the relator was to remain in prison. 4th. That it is defective, also, in that it does not show in what the alleged contempt consisted.

On the part of the respondent it was argued: 1st. That the power of a justice to imprison for contempt existed at common law, which was in force in this District. 2d. That though the relator is not a member of the Metropolitan Police Force, directly responsible to the Superintendent for neglect or refusal to discharge his duty or to obey the mandates of the Superintendent, yet by virtue of the seventh section of the Act of Congress of the 23d July, 1866, every person pursuing the business of a detective, whether by regular appointment or without it, upon making an arrest of a party alleged to be guilty of a crime, is immediately to bring the alleged offender, with whatever property he may have taken into his possession from the accused, to the office of the Superintendent of Police, to be deposited with the property clerk; that it is admitted that the relator had arrested the alleged offenders and received the stolen property from them, and had sent eighty per cent. thereof to the parties claiming to have lost it, retained twenty per cent. for his services in recovering it; that he was ordered by the Superintendent to deliver to him the said twenty per cent.—about $500—and failing to do so, the Superintendent committed him to jail for contempt in disobeying that order. 3d. That it is not necessary that the commitment should disclose the facts which constitute the contempt. It is sufficient that it show that the Superintendent convicted him by his own adjudication of the contempt, without disclosure.

*22*

4th. That the want of limitation of the time of imprisonment was not material for that, inasmuch as this was a case of committing for contempt, not as a punishment for an act done and ended, but to enforce the performance of a duty which the law enjoined upon the relator, it was lawful to imprison him indefinitely, or until he should purge himself of the contempt of which he was guilty by a compliance with the order, in which event he would be discharged by due course of law. 5th. That in a case of *habeas corpus* the judge cannot look behind the commitment of a court having competent jurisdiction.

It is true, as a general rule, that a commitment for contempt cannot properly be examined into by any other court or judge than the one who awarded it, especially when its propriety is sought to be questioned upon a writ of *habeas corpus,* since the question as to the validity of the judgment of the committing court arises in a collateral way, and not by way of review. Nevertheless, it is a great prerogative writ, the object of which is to guard against oppression, and it is the duty of the Court or judge before which the hearing on the *habeas corpus* is had to inform himself at the outset whether the committing court, is a court having competent jurisdiction to render a judgment of contempt, and if of competent jurisdiction for that purpose, to show whether the jurisdiction has been exceeded; for if the facts in the case be plainly such as make it one over which the committing court could not exercise a lawful jurisdiction, the judgment of contempt must necessarily be unlawful. Whether the alleged offender has really committed the act charged, as contempt is also a question which will be conclusively determined by the judgment of the Court, before whom it is alleged to have been committed; and so if the act be an equivocal one, harmless or criminal according to its surroundings, its innocence or culpability is to be determined by the Court committing the alleged offender. It is not

contended that the Superintendent of Police has any larger powers in a case of this sort than are conferred by law upon a justice of the peace. The jurisdiction is a special one, and in a case of *habeas corpus,* as well as in appeal or *certiorari,* it is the duty of the judge having the case to inquire, first of all, whether the justice has acted within the limits of his jurisdiction.

If, in this case, the Superintendent of Police had clear and unquestioned jurisdiction over George F. Hotchkiss, the relator, the same as though he had been a member of his police force, and if the property alleged to have been taken by said relator from the parties who are charged with having stolen it, had been stolen by them within the District of Columbia, and had within the District been taken from them on their arrest by the relator, and he has disobeyed the order of the Superintendent to deliver to him the fruits of the crime, I am of opinion it would have been competent for the Superintendent, acting in the capacity of a magistrate to have sent him to prison for the contempt of such disobedience, though he might have had no authority for so doing at common law or by any act of Congress clothing him with such express authority. For although some of the ablest judges in England have hesitated to express an opinion as to the power of a justice of the peace at common law to commit for contempt, yet, by an Act of Assembly of Maryland, passed in 1719, and still in force in this District, by virtue of the provisions of the Act of Congress, passed February 27, 1801, justices have special power conferred upon them to punish any persons who may contemn their authority without formality of law, by fine or imprisonment, or by sitting in the stocks at their discretion ; provided the fine do not exceed 1,000 pounds of tobacco or the imprisonment do not exceed two days, or the " sitting in the stocks" do not exceed two hours. It is needless for me to say what the common law was in reference to the subject of the

power of a justice to commit for contempt. If that power did exist, it has been limited by the act of 1719. If it did not, it was conferred by that act to the extent therein provided.

In this case, however, it is admitted in the argument that the stolen property was taken in New York, whence the thieves made their escape into the State of Maryland, where they were apprehended by the relator, and where the stolen money and other property were taken from them by him, brought into this District and four-fifths thereof returned to New York by Adams Express Company, and the remaining fifth kept by him as compensation for his own services and those of his assistants in recovering the property. As Superintendent of Police in this District, Major Richards has no more power to take notice of a case where property is taken from an alleged thief outside its limits than any gentleman residing here in private life. The theft, if any, was not committed in his jurisdiction, nor alleged stolen property brought here by the thieves, or, if it were brought here by them, it was not discovered on them or taken from them until they were beyond the limits of his jurisdiction. The same reasoning that would give him jurisdiction of this case would confer upon him the power to bring before him any detective residing in Maine, who might, in that State, arrest the thief and take from him property stolen in New Orleans, if on his way to the latter place to return the property to its owner, he should be unfortunate enough to stop here ten minutes for refreshments. Moreover, admitting the right of the Superintendent to imprison the relator at all, the latter had already been in prison when the application was made for the writ, a longer period than is authorized by law, which limits it to two days.

I purposely abstain from attempting any construction of the seventh section of the Act of Congress of the 23d of July, 1866, because the facts involved here do not present

a case requiring it, and because, owing to the doubt and obscurity of its language, I confess myself unable, in the limited time afforded me for this investigation, to arrive at any settled opinion as to its true meaning and purport.

It is sufficient that the superintendent acted in a case where he had not competent jurisdiction, and that if he had the power to imprison for contempt at all, the life of that power expired by limitation of law two days after the prisoner was committed to the custody of the warden. It is, therefore, ordered that the said George F. Hotchkiss be discharged from his imprisonment under the commitment of the Superintendent of Police.